1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TERESA ENGEL et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-01103-RCJ-PAL |
| | ) | |
| HARTFORD INSURANCE CO. OF THE | ) | **ORDER** |
| MIDWEST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises out of the refusal of an insurance company to pay the full amount of underinsured motorist ("UIM") coverage demanded by the injured insured. Pending before the Court is Defendant's Motions to Dismiss (ECF Nos. 4, 13). Plaintiffs filed an Amended Complaint ("AC") after the first motion to dismiss but before the second. For the reasons given herein, the Court grants the first motion to dismiss in part and grants the second motion to dismiss in full, as against the AC.

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiff Teresa Engel ("Engel") was injured in a car crash in Clark County, Nevada that was the fault of a non-party. (Compl. ¶ 9, June 6, 2011, ECF No. 1-1). That non-party's liability insurance only covered $15,000, although Engel's past economic damages totaled $115,445. (*Id.* ¶¶ 17, 21). Engel demanded that her insurance company, Defendant Hartford Insurance Co. of

1  the Midwest ("Hartford"), tender her the UIM policy limits of $250,000. (*Id.* ¶¶ 12, 48).

2  Hartford ultimately tendered Engel a check for only $85,000 on April 21, 2010. (*Id.* ¶ 50).  In

3  February 2010, Engel's employer had paid her a lump sum of $105,988.35 as a workers

4  compensation settlement, which amount covered Engel's economic damages, because the

5  accident occurred within the scope of her employment. (*See id.* ¶ 38).  Engel believes Hartford

6  should still be made to pay the remainder of the $250,000 policy limit on her UIM policy to

7  cover future economic damages and non-economic damages.

8      Engel and her husband, Thomas Engel, Sr., sued Hartford in state court on six causes of

9  action: (1) breach of contract; (2) unfair claims practices under Chapter 686A of the Nevada

10 Revised Statutes ("NRS"); (3) breach of the covenant of good faith and fair dealing; (4) breach

11 of fiduciary duty; (5) fraud; and (6) punitive damages.  Hartford removed and moved to dismiss

12 the claims for unfair claims practices, breach of fiduciary duty, fraud, and punitive damages.

13 Plaintiffs responded and filed the AC, which includes only four causes of action: (1) breach of

14 contract; (2) unfair claims practices under Chapter 686A; (3) breach of the covenant of good

15 faith and fair dealing; and (4) violations of the Nevada Administrative Code ("NAC").  Hartford

16 filed a new motion to dismiss, targeting only the fourth cause of action in the AC.  The Court

17 will consider both motions to dismiss as against the AC, i.e., as against the second and fourth

18 claims for unfair claims practices under the NRS and the NAC.  The first and third claims of the

19 AC for breach of contract and bad faith, respectively, are not at issue in the present motions.

20 **II.    LEGAL STANDARDS**

21     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

22 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

23 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

24 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

25 that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

1   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

2   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

3   failure to state a claim, dismissal is appropriate only when the complaint does not give the

4   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

5   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

6   sufficient to state a claim, the court will take all material allegations as true and construe them in

7   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

8   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

9   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

10  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

11  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

12  is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

13  550 U.S. at 555).

14          "Generally, a district court may not consider any material beyond the pleadings in ruling

15  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

16  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

17  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

18  whose contents are alleged in a complaint and whose authenticity no party questions, but which

19  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

20  motion to dismiss" without converting the motion to dismiss into a motion for summary

21  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

22  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

23  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

24  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

25  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

Page 3 of  7

1    Cir. 2001).

2    **III.    ANALYSIS**

3           The first motion to dismiss is mostly moot, because Plaintiffs have abandoned three of

4    the four claims targeted therein, but the first motion can be applied against the AC as to the

5    second claim for unfair claims practices under the NRS, and the second motion to dismiss targets

6    only the fourth claim for unfair claims practices under the NAC.

7           NRS section 686A.310 lists sixteen ways in which a party may violate the statute. *See*

8    Nev. Rev. Stat. § 686A.310(a)–(p).  Plaintiffs did not identify which provision they alleged

9    Defendant to have violated in the Complaint. (*See* Compl. ¶ 78).  In the AC, they now identify

10   subsections (1)(a), (1)(b), (1)(c), (1)(e), (1)(f), (1)(n), and (1)(o) as the bases for the claim,

11   although they mislabel subsections (1)(b) and (1)(c) as (1)(a) and (1)(b), respectively. (*See* Am.

12   Compl. 15–29, July 29, 2011, ECF No. 8).

13          Subsection (1)(a) makes it a violation to "[m]isrepresent[] to insureds or claimants

14   pertinent facts or insurance policy provisions relating to any coverage at issue." Nev. Rev. Stat.

15   § 686A.310(1)(a).  Plaintiffs allege Defendant violated this provision by offering Engel less than

16   she demanded. (*See* Am. Compl. ¶ 106).  This is not a sufficient claim of misrepresentation.  It is

17   a claim of breach.  Plaintiffs, however, also allege that Defendant told Engel that in order to

18   receive UIM in excess of $85,000, she first had to petition her employer to reopen her worker's

19   compensation claim, which was a misrepresentation of the insurance policy provisions. (*See*

20   *id.* ¶¶ 107–08).  This is a sufficient claim of a misrepresentation regarding the policy provisions.

21          Subsection (1)(b) makes it a violation to "[f]ail[] to acknowledge and act reasonably

22   promptly upon communications with respect to claims arising under insurance policies." Nev.

23   Rev. Stat. § 686A.310(1)(b).  Plaintiffs allege that Defendant had adequate time to investigate

24   the UIM claim because Engel notified Defendant of the accident on February 15, 2008 but that it

25   didn't make its first offer to her until March 24, 2010, approximately ten weeks after it received

a doctor's report concerning her condition. (*See* Am. Compl. ¶¶ 110–17). Although the dates of communications will become clearer on summary judgment, this is sufficient to state a claim under subsection (1)(b).

Subsection (1)(c) makes it a violation to "[f]ail[] to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies." Nev. Rev. Stat. § 686A.310(1)(c). Plaintiffs make no plausible claims under this subsection. They simply allege past and future damages arising out of the accident, note that worker's compensation does not cover most non-economic damages, and note that Defendant has not compensated her for them. Plaintiffs do not attempt to impugn Defendant's general claim processing standards.

Subsection (1)(e) makes it a violation to "[f]ail[] to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." Nev. Rev. Stat. § 686A.310(1)(e). This claim will likely rest dispositively on the breach of contract claim. If it turns out that there was no breach, then this claim will not be viable. But assuming there was a breach by failure to pay the entire $250,000 claimed under the UIM policy, this claim may be viable.

Subsection (1)(f) makes it a violation to "[c]ompel[] insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered." Nev. Rev. Stat. § 686A.310(1)(f). This provision of the code is somewhat confusing. It seems to say that if an insured makes a claim for X dollars, the insurer offers "substantially less" than X dollars, this causes the insured to sue the insurer, and the insured recovers an amount "reasonably similar" to X dollars, then the insured has a claim under subsection (1)(f). The Court will dismiss this claim. Although it seems clear that Plaintiffs demanded $250,000 and Defendant offered no

Page 5 of 7

more than $85,000, which is "substantially less," and that Plaintiffs sued because of this, under the circumstances of this case, the claim is redundant with the other claims.

Subsection (1)(n) makes it a violation to "[f]ail[] to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim." Nev. Rev. Stat. § 686A.310(1)(n). Plaintiffs allege that Defendant's response to their demand was simply a bald denial that "we have evaluated the case on the information received." Assuming for the purposes of the motion to dismiss that Defendant gave no further explanation, a claim under subsection (1)(n) is plausible.

Subsection (1)(o) makes it a violation to "[a]dvise[] an insured or claimant not to seek legal counsel." Nev. Rev. Stat. § 686A.310(1)(o). Plaintiffs specifically allege that a Ms. Pavett, one of Defendant's claims adjusters, told Engel in October 2009 that she did not need an attorney in pursual of her UIM claim. (*See* Am. Compl. ¶ 203).

Finally, Defendant has separately moved to dismiss the claim for violation of Chapter 686A of the NAC. Defendant argues that the ("Nevada Department of Insurance") has exclusive original jurisdiction over claims arising out of insurance regulation violations. The Nevada Supreme Court has held that failure to pursue an administrative violation with NDOI does not preclude subject matter jurisdiction in the district courts but does render the claim unripe and therefore "nonjusticiable." *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 993–94 (Nev. 2007); *see also Brown v. State Farm Fire & Cas. Co.*, No. 2:10–cv–01843–KJD–LRL, 2011 WL 2295162, at *2 (D. Nev. June 8, 2011) (Dawson, J.) (citing *Thorpe*, 170 P.3d at 993).

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED in part and DENIED in part.  The second claim for unfair claims practices under the NRS is dismissed with respect to claims under subsections 686A.310(1)(c) and (1)(f).  The motion is otherwise denied.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 13) is GRANTED. The fourth claim for unfair claims practices under the NAC is dismissed.

IT IS SO ORDERED.

Dated this 7th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge