# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERESA ENGEL et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HARTFORD INSURANCE CO. OF THE ) <br> MIDWEST et al., ) <br> ) <br> Defendants. ) <br> ) | 2:11-cv-01103-RCJ-PAL <br><br> **ORDER** |

This case arises out of the refusal of an insurance company to pay the full amount of underinsured motorist ("UIM") coverage demanded by the injured insured. Pending before the Court is a Motion to Dismiss (ECF Nos. 24). For the reasons given herein, the Court grants the motion, with leave to amend.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Teresa Engel ("Engel") was injured in a car crash in Clark County, Nevada that was the fault of a non-party. (Compl. ¶ 9, June 6, 2011, ECF No. 1-1). That non-party's liability insurance only covered $15,000, although Engel's past economic damages totaled $115,445. (*Id.* ¶¶ 17, 21). Engel demanded that her insurance company, Defendant Hartford Insurance Co. of the Midwest ("Hartford"), tender her the UIM policy limits of $250,000. (*Id.* ¶¶ 12, 48). Hartford ultimately tendered Engel a check for only $85,000 on April 21, 2010. (*Id.* ¶ 50). In

1  February 2010, Engel's employer had paid her a lump sum of $105,988.35 as a workers
2  compensation settlement, which amount covered Engel's economic damages, because the
3  accident occurred within the scope of her employment. (*See id.* ¶ 38).  Engel believes Hartford
4  should still be made to pay the remainder of the $250,000 policy limit on her UIM policy to
5  cover future economic damages and non-economic damages.
6      Engel and her husband, Thomas Engel, Sr., sued Hartford in state court on six causes of
7  action: (1) breach of contract; (2) unfair claims practices under Chapter 686A of the Nevada
8  Revised Statutes ("NRS"); (3) breach of the covenant of good faith and fair dealing; (4) breach
9  of fiduciary duty; (5) fraud; and (6) punitive damages.  Hartford removed and moved to dismiss
10 the claims for unfair claims practices, breach of fiduciary duty, fraud, and punitive damages.
11 Plaintiffs responded and filed the AC, which includes only four causes of action: (1) breach of
12 contract; (2) unfair claims practices under Chapter 686A; (3) breach of the covenant of good
13 faith and fair dealing; and (4) violations of the Nevada Administrative Code ("NAC").  The AC
14 also adds Hartford's parent company, Hartford Financial Services Group, Inc. ("HFSG"), as a
15 Defendant.  Hartford filed a new motion to dismiss, targeting only the fourth cause of action in
16 the AC.  The Court considered both motions to dismiss as against the AC, i.e., as against the
17 second and fourth claims for unfair claims practices under the NRS and the NAC, respectively.
18 The Court dismissed the second cause of action in part and the fourth cause of action in its
19 entirety, as against Hartford.  HFSG has now filed the present motion to dismiss, arguing that
20 Plaintiffs have not stated any claim against it.
21 **II.    LEGAL STANDARDS**
22     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
23 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
24 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
25 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

1  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule
2  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,
3  581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to
4  state a claim, dismissal is appropriate only when the complaint does not give the defendant fair
5  notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v.*
6  *Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a
7  claim, the court will take all material allegations as true and construe them in the light most
8  favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The
9  court, however, is not required to accept as true allegations that are merely conclusory,
10 unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State*
11 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with
12 conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation
13 is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,
14 550 U.S. at 555).

15      "Generally, a district court may not consider any material beyond the pleadings in ruling
16 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
17 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
18 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
19 whose contents are alleged in a complaint and whose authenticity no party questions, but which
20 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
21 motion to dismiss" without converting the motion to dismiss into a motion for summary
22 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
23 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
24 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
25 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

1  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th
2  Cir. 2001).

3  **III.   ANALYSIS**

4  Plaintiffs do not allege that HFSG is a party to the insurance contract or that it otherwise
5  committed any torts directly against them.  Rather, Plaintiffs allege that Hartford is their insurer,
6  (*see* Am. Compl. ¶ 16, July 29, 2011, ECF No. 8), that HFSG is Hartford's parent company and
7  sole owner, (*see id.* ¶ 3), and that as a parent company, HFSG is vicariously liable for the
8  intentional and negligent torts of Hartford via Nevada Revised Statutes ("NRS") section 41.130
9  "and other Nevada law," (*see id.* ¶ 5).  Section 41.130 provides:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; *and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.*

Nev. Rev. Stat. § 41.130 (emphasis added).  This section provides for the vicarious liability of employers, not parent companies, and Plaintiffs do not allege that Hartford is an "employee" of HFSG.  The common law provides for vicarious liability based on the control of the party to be held vicariously liable (the master, superior, or employer) over the party that was in fact at fault (the servant, subordinate, or employee). *Nat'l Convenience Stores, Inc. v. Fantauzzi*, 584 P.2d 689, 691 (Nev. 1978) ("The relation between parties to which responsibility attaches to one, for the acts of negligence of the other, must be that of superior and subordinate, or, as it is generally expressed, of master and servant, in which the latter is subject to the control of the former.").  In some jurisdictions, parent companies can be held vicariously liable for the acts of a subsidiary, but only if the parent company exercises sufficient control over the specific aspect of the subsidiary's daily operations that is alleged to have caused the harm at issue, thus maintaining the requirement of a master–servant relationship upon which the concept of vicarious liability is

based. *See Urban v. Am. Legion Dep't of Minn.*, 723 N.W.2d 1, 12–13 (Minn. 2006) (citing *Kerl v. Dennis Rasmussen, Inc.*, 682 N.W.2d 328 (Wis. 2004); *Golden Spread Council, Inc. #562 of the Boy Scouts of Am. v. Akins*, 926 S.W.2d 287 (Tex. 1996)).  But even assuming the Nevada Supreme Court would permit vicarious liability in the parent–subsidiary context, Plaintiffs have not pled facts indicating control; rather, they have concluded control from the bare fact of the parent–subsidiary relationship. (*See* Am. Compl. ¶¶ 5–6, 9).  Plaintiffs make allegations only against Hartford with respect to the handling of Ms. Engel's claim. (*See id.* ¶¶ 44–82).  It is possible HFSG had the requisite control over Hartford's day-to-day claim processing operations to make it vicariously liable in this case, but Plaintiffs have not pled any facts making it plausible.  The Court will therefore grant HFSG's motion to dismiss, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 24) is GRANTED, with leave to amend within fifteen days of the date this order appears on the electronic docket.

IT IS SO ORDERED.

Dated this 31st day of January, 2012.

_____
ROBERT C. JONES
United States District Judge