1  DARREN T. BRENNER
   Nevada Bar No. 8386
2  dbrenner@lrlaw.com
   LINDSAY DEMAREE
3  Nevada Bar No. 11949
   ldemaree@lrlaw.com
4  LEWIS AND ROCA LLP
   3993 Howard Hughes Parkway
5  Suite 600
   Las Vegas, Nevada 89169
6  (702) 949-8200
   (702) 949-8398 (fax)
7
8  *Attorneys for Defendant Hartford*
   *Insurance Company of the Midwest.*

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11 TERESA ENGEL, THOMAS ENGEL, SR.,       Case No.   2:11-cv-01103-RCJ-PAL

12              Plaintiffs,

13 vs.

14 HARTFORD INSURANCE COMPANY OF          **STIPULATION AND**
   THE MIDWEST, HARTFORD FINANCIAL        **PROTECTIVE ORDER**
15 SERVICES GROUP, INC., DOE AGENCIES
   1-10; DOES 1-10, and ROE
16 CORPORATIONS 1-10, inclusive,

17              Defendants.

18

19         Subject to the approval of this Court, the parties, by and through their attorneys of record,

20 hereby stipulate to the following Protective Order:

21         To expedite the flow of discovery, facilitate the prompt resolution of disputes over

22 confidentiality, adequately protect material claimed to be confidential, and ensure that protection

23 is afforded only to material so designated, it is, pursuant to the Court's authority under Federal

24 Rule of Civil Procedure 26(c), hereby **ORDERED** that this Protective Order shall govern the

25 disclosure, handling and disposition of documents and information in this litigation as follows:

26    1.    **Application**.

27         1.1    This Protective Order shall govern any document, information or other

28 material that is designated as containing "Confidential Information" as defined herein, and is

produced in connection with this litigation by any person or entity (the "producing party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving party") regardless of whether the person or entity producing or receiving such information is a party to this litigation.

2.      **Definitions**.

2.1      Confidential Information. "Confidential Information" shall mean and include, without limitation, any non-public information that concerns or relates to the following areas: confidential proprietary information, trade secrets, security and surveillance policies, practices and procedures, commercial, financial, pricing, budgeting, and/or accounting information, information about existing and potential customers, marketing studies, performance projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships. "Confidential information" may be contained in the following documents: manuals, contracts, correspondence (electronic or otherwise), blueprints, specifications, drawings, security records, security reports, security shift information and staffing levels, security patrols, security policies and procedures, locations of surveillance and security cameras, documents regarding surveillance and security camera capabilities, production documents, analytical reports, certification-related documents, meeting minutes, meeting notices, presentation documents, and other documents.

2.2      Documents. As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

3.      **Initial Designation**.

3.1      Good Faith Claims. Claims of confidentiality will be made only with respect to documents, other tangible things and information that the asserting party has a good faith belief are within the definition set forth in subparagraph 2.1 of this Protective Order.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2434285.1

1    Objections to such claims made pursuant to paragraph 5, below, shall also be made only in good

2    faith.

3        3.2    Produced Documents. A party producing documents that it believes

4    constitute or contain Confidential Information shall state that the material is being produced under

5    this Protective Order by describing the documents or materials to be treated as confidential in

6    writing, by page or bates number wherever possible and/or shall produce copies bearing a label

7    that contains or includes language substantially identical to the following:

8                                    **CONFIDENTIAL**

9        This label shall be affixed in a manner that does not obliterate or obscure the contents of

10   the copies. If any person or party makes copies of documents designated as containing

11   Confidential Information, the copying person or party shall mark each such copy as containing

12   Confidential Information in the same form as the Confidentiality notice on the original document.

13       A party producing documents that are stored on electronic, magnetic, optical or other non-

14   paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data

15   storage devices") shall designate the data storage device as containing Confidential Information,

16   by affixing a label or stamp to the data storage device in the manner described above at the time

17   copies of such data storage devices are produced. If the receiving party or other persons or entities

18   to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage

19   device designated by the producing party as containing Confidential Information, the receiving

20   party or other authorized person shall mark each such copy as containing Confidential Information

21   in the same form as the confidentiality notice on the original data storage device produced. If the

22   receiving party or other authorized person prints out or otherwise makes copies of the documents

23   or information stored on such data storage device, the receiving party or other authorized person

24   shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

25       3.3    Interrogatory Answers. If a party answering an interrogatory or other

26   discovery demand believes that its answer contains Confidential Information , it shall set forth that

27   answer in a separate document that is produced and designated in the same manner as a produced

28   document under subparagraph 3.2. Such answers should make reference to the separately-

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

2434285.1

1   produced document containing the answer, but such document should not be attached to the

2   response.

3         3.4    Inspection of Documents. In the event a party elects to produce files and

4   records for inspection and the requesting party elects to inspect them, no designation of

5   Confidential Information needs to be made in advance of the inspection. For purposes of such

6   inspection, all material produced shall be considered as Confidential Information. If the inspecting

7   party selects specified documents to be copied, the producing party shall designate Confidential

8   Information in accordance with subparagraph 3.2 at the time the copies are produced.

9         3.5    Deposition Transcripts. Within twenty-one (21) days after the receipt of a

10  deposition transcript, a party may inform the other parties to the action of the portions of the

11  transcript that it wishes to designate as Confidential Information. Until such time has elapsed,

12  deposition transcripts in their entirety are to be considered as Confidential Information. All parties

13  in possession of a copy of a designated deposition transcript shall mark it appropriately.  The court

14  reporter shall comply with and be bound by this Order.  In the event that the party furnishing

15  deposition testimony designates portions or all of that testimony as Confidential Information, the

16  court reporter shall separately transcribe and submit under seal, to counsel for the parties,

17  transcriptions of the testimony so designated.  Confidential transcripts of deposition testimony

18  shall be treated the same and afforded the same protections as other documents and materials

19  designated as Confidential Information under this Order.

20        3.6    Multi-page Documents. A party may designate all pages of an integrated,

21  multi-page document, including a deposition transcript and interrogatory answers, as Confidential

22  Information by placing the label specified in subparagraph 3.2 on the first page of the document or

23  on each page of the document. If a party wishes to designate only certain portions of an integrated,

24  multi-page document as Confidential Information, it should designate such portions immediately

25  below the label on the first page of the document and place the label specified in subparagraph 3.2

26  on each page of the document containing Confidential Information.

27  / / /

28  / / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2434285.1

4.    **Designations by Another Party**.

4.1    Notification of Designation. If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by so notifying all parties in writing within fourteen (14) days of service of the document.

4.2    Return of Documents; Non-disclosure. Whenever a party other than the producing party designates a document produced by a producing party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential under subparagraph 7.1, until after the expiration of the fourteen (14) day designation period specified in subparagraph 4.1. If during the fourteen (14) day designation period a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the producing party, at the direction of the producing party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the designating party, in accordance with subparagraphs 3.2 and 7.1.

5.    **Objections to Designations**. Any party objecting to a designation of Confidential Information, including objections to portions of designations of multi-page documents, shall notify the designating party and all other parties of the objection in writing up to and through trial of the matter.   This notice must specifically identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.   In accordance with the Federal Rules of Civil Procedure governing

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2434285.1

1   discovery disputes, the objecting and the designating parties thereafter shall confer within ten (10)

2   days after the date of such objection in an attempt to resolve their differences. If the parties are

3   unable to resolve their differences, the objecting party shall have twenty one (21) days after the

4   conference concludes to file with the Court a motion to remove the Confidential Information.  If

5   an objection is served within forty-two (42) days of trial, the objecting party must file its motion to

6   remove the Confidential Information designation within half of the remaining time before trial,

7   and the meet-and-confer period shall be shortened accordingly. Where a party authored, created,

8   owns, or controls a document, information or other material that another party designates as

9   Confidential Information, the party that authored, created, owns, or controls the Confidential

10   Information may so inform the objecting party and thereafter shall also be considered a

11   designating party for purposes of this paragraph.

12          All documents, information and other materials initially designated as Confidential

13   Information shall be treated as such in accordance with this Protective Order unless and until the

14   Court rules otherwise, except for deposition transcripts and exhibits initially considered as

15   containing Confidential Information under subparagraph 3.5, which will lose their confidential

16   status after twenty-one (21) days unless so designated as Confidential Information. If the Court

17   rules that a designation should not be maintained as to a particular document, the producing party

18   shall, upon written request by a party, provide that party a copy of that document without the

19   designation described in subparagraph 3.2.

20          If an objecting party elects not to make such a motion with respect to documents within

21   twenty one (21) days after the conference, information or other materials to which an objection has

22   been made, the objection shall be deemed withdrawn. The designating party shall have twenty one

23   (21) days to respond to the objecting party's motion.  If no response is filed by the designating

24   party within twenty one (21) days, the designating party shall be deemed to have consented to the

25   objecting party's motion pursuant to LR 7-2(d).

26          6.      **Custody**. All Confidential Information and any and all copies, extracts and

27   summaries thereof, including memoranda relating thereto, shall be retained by the receiving party

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2434285.1

in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

       7.     **Handling Prior to Trial**.

       7.1    Authorized Disclosures. Confidential Information shall be disclosed by the receiving party only to the following persons:

      a.    Counsel for the parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

      b.    Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

      c.    Experts and their staff who are retained by counsel as expert witnesses for a party in this litigation;

      d.    Experts and their staff who are consulted by counsel for a party in this litigation;

      e.    Parties to this litigation, limited to the named party and, if that party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

      f.    Designated in-house counsel and a limited number of assistants, administrative or otherwise;

      g.    Outside vendors employed by counsel for copying, scanning and general handling of documents;

      h.    Any person of whom testimony is taken regarding the Confidential Information, except that such person may only be shown Confidential Information during his/her testimony, and may not retain a copy of such Confidential Information; and

      i.    This Court and this Court's staff, subject to the Court's processes for filing materials under seal.

1    Such disclosures are authorized only to the extent necessary to investigate, prosecute, or

2    defend the litigation.

3    Confidential Information may not be disclosed to persons under subparagraphs (c) or (d)

4    until the receiving party has obtained a written acknowledgment from the person receiving

5    Confidential Information, in the form of the Declaration attached hereto as Exhibit A, that he or

6    she has received a copy of this Protective Order and has agreed to be bound by it. A party who

7    discloses Confidential Information in accordance with subparagraph 7.1 shall retain the written

8    acknowledgment from each person receiving Confidential Information, shall maintain a list of all

9    persons to whom a receiving party has disclosed Confidential Information and identify what

10   documents have been disclosed, and shall furnish the written acknowledgments and disclosure list

11   to opposing counsel as follows: (i) for a person under subparagraph (c), within thirty (30) days

12   after the person signs the Declaration; and (ii) for a person under subparagraph (d), within thirty

13   (30) days after the matter is finally concluded.  A party who discloses Confidential Information in

14   accordance with subparagraph 7.1 shall also furnish the written acknowledgements and disclosures

15   list to the Court for in camera review upon its request or order.   Furnishing the written

16   acknowledgments and disclosure list to the Court shall not constitute a waiver of the attorney work

17   product or attorney-client privilege. Disclosure of Confidential Information to this Court,

18   including judicial staff, shall be made in accordance with subparagraph 7.4 of this Protective

19   Order.

20         7.2      Unauthorized Disclosures. All persons receiving Confidential Information

21   under the terms of this Protective Order are under the jurisdiction of the state courts and U.S.

22   federal courts located in Nevada for all matters arising from the improper disclosure or use of such

23   information. If Confidential Information is disclosed to any person other than in the manner

24   authorized by this Protective Order, the party or person responsible for the disclosure, and any

25   other party or person who is subject to this Protective Order and learns of such disclosure, shall

26   immediately bring such disclosure to the attention of the designating party. Without prejudice to

27   other rights and remedies of the designating party, the responsible party or person shall make

1 | every effort to obtain and return the Confidential Information and to prevent further disclosure on
2 | its own part or on the part of the person who was the unauthorized recipient of such information.

3 |         7.3     Court Filings. In the event any Confidential Information must be filed with
4 | the Court prior to trial, the proposed filing shall comply with the Federal Rules of Civil Procedure
5 | and the requirements set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th
6 | Cir. 2006). In accordance with these rules and requirements, the proposed filing shall be
7 | accompanied by a motion to file the Confidential Information under seal and a proposed order, and
8 | the application and proposed order shall be directed to the judge to whom the Confidential
9 | Information is directed. This provision is applicable to briefs, memoranda, and other filings which
10 | quote, summarize, or describe Confidential Information.

11 |         8.     **Care in Storage**. Any person in possession of Confidential Information produced
12 | by another party shall exercise reasonable and appropriate care with regard to the storage, custody,
13 | copying, and use of such information to ensure that the confidential and sensitive nature of same is
14 | maintained.

15 |         9.     **Handling During Trial**. Confidential Information that is subject to this Order may
16 | be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by
17 | the Court upon application by any party.

18 |       10.     **No Implied Waivers**. This Protective Order shall not be interpreted as a waiver of
19 | the right to object, under applicable law, to the furnishing of information in response to discovery
20 | requests or to object to a requested inspection of documents or facilities. Parties producing
21 | Confidential Information in this litigation are doing so only pursuant to the terms of this Protective
22 | Order. The taking of any action in accordance with the provisions of this Protective Order shall
23 | not be interpreted as a waiver of any claim or position or defense in this action, or any other
24 | actions.

25 |       11.     **No Admission**. The designation of any item as Confidential Information shall not
26 | be construed as an admission that such material, or any testimony concerning such material, would
27 | be admissible in evidence in this litigation or in any other proceeding.

28 | / / /

12. **Inadvertent Disclosure**. Nothing in this Protective Order abridges applicable law concerning inadvertent disclosure of a document that the Disclosing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information. If a party inadvertently discloses documents or information subject to a claim of privilege or work product protection, such disclosure will not waive otherwise applicable claims of privilege or work product protection under applicable law. Upon discovery by the Receiving Party, or receipt of written notice from the Disclosing Party identifying privileged or protected Documents that were inadvertently produced, the receiving party shall within seven (7) business days either: (a) return or certify the destruction of all such documents, all copies, and any work product or portions of any work product containing or reflecting the contents of the subject materials; or (b) after attempting to resolve any dispute with opposing counsel informally, file a motion to challenge the assertion of privilege and tender the subject documents for in camera review with the motion. The moving party shall do nothing to compromise the privilege claim until the Court rules on said motion and the opportunity for appellate review is exhausted or the issue is otherwise resolved.

13. **Parties' Own Documents**.  This Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Protective Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

14. **Motion to Compel Production of Confidential Information**. If any third party subpoenas Confidential Information from a party to this action or moves to compel a party to this action to produce any such information, such party shall immediately notify the parties who originally produced and/or designated such information that a subpoena has been served or a motion has been made in order to allow the parties who originally produced and/or designated such information the opportunity to seek a protective order or oppose the motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking Confidential Information from a receiving party, the party who originally produced and/or designated such information fails to move for a protective order, the party subject to the subpoena may produce said information. In

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2434285.1

1  addition, if a party is ordered to produce Confidential Information covered by this Protective

2  Order, then notice and, if available, a copy of the order compelling disclosure shall immediately be

3  given the parties who originally produced and/or designated such information. Nothing in this

4  Protective Order shall be construed as requiring the party who is ordered to produce such

5  Confidential Information to challenge or appeal any order requiring the production of such

6  information or to subject himself/herself to any penalty for non-compliance with any legal process

7  or seek any relief from the Court.

8        15.    **No Effect on Other Rights**. This Protective Order shall in no way abrogate or

9  diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party

10  with respect to Confidential Information.

11        16.    **Modification**. In the event any party hereto seeks a Court order to modify the terms

12  of this Protective Order, or seeks a protective order which incorporates the terms and conditions of

13  this Protective Order said party shall make such request by written stipulation or noticed motion to

14  all parties that must be served and filed in accordance with local court rules.

15        17.    **Handling Upon Conclusion of Litigation**. All parties, counsel, and persons to

16  whom disclosure was made agree to return all Confidential Information to the designating party

17  within thirty (30) days of the conclusion of litigation between the parties, including final appellate

18  action or the expiration of time to appeal or seek further review. In addition, counsel shall certify

19  in writing that all such Confidential Information have been returned. Counsel for each party also

20  shall contact each person to whom that party has provided a copy of any Confidential Information

21  and request the documents be returned. In lieu of returning Confidential Information, the person or

22  party in possession of such information may elect to destroy it. If the person or party in possession

23  of Confidential Information elects to destroy it rather than return it, that person or party must

24  notify the designating party in writing of the destruction of the information within ninety (90) days

25  of the conclusion of litigation between the parties, including final appellate action or the expiration

26  of time to appeal or seek further review.

27  / / /

28  / / /

1      18. **Survival of the Terms of this Protective Order**. Even after the termination of this

2    litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect

3    until a Designating Party otherwise in writing or a court order otherwise directs.

4        RESPECTFULLY SUBMITTED this _24th_ day of April, 2012.

LAW OFFICES OF JOSEPH J. PURDY      LEWIS AND ROCA LLP

BY:  _/s/ Joseph J. Purdy_____      BY:  _/s/ Lindsay Demaree_____
    JOSEPH J. PURDY               DARREN T. BRENNER
    Nevada Bar No. 3136           Nevada Bar No. 8386
    3199 E. Warm Springs Rd., Ste. 100    LINDSAY DEMAREE
    Las Vegas, Nevada 89120        Nevada Bar No. 11949
    *Attorney for Plaintiffs*          3993 Howard Hughes Parkway, Ste. 600
                                 Las Vegas, Nevada 89169
                                 *Attorneys for Defendant Hartford Insurance*
                                   *Company of the Midwest*

PYATT, SILVESTRI & HANLON

BY:  _/s/ James Silvestri_____
    JAMES SILVESTRI
    Nevada Bar No. 3603
    701 Bridger Avenue, Suite 600
    Las Vegas, Nevada 89101
    *Attorney for Federal Insurance Company*

**ORDER**

IT IS SO ORDERED.

Dated: _May 3, 2012

_____
U.S. MAGISTRATE COURT JUDGE

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2434285.1

**EXHIBIT A**

DECLARATION RE: PROTECTIVE ORDER

I, _____, hereby declare

1.      I have reviewed the Stipulation and Protective Order ("Order") entered in *Engel v. Hartford Insurance Company of the Midwest*, 2:11-cv-01103-RCJ-PAL, and am familiar with its contents.

2.      As a condition to being permitted access to material determined to be "Confidential" in the above-captioned matter, I agree to be bound by the terms and conditions of the Order, and I promise to comply with the Order.

3.      As a further condition to being permitted access to material determined to be "Confidential" in the above-captioned matter, I agree (i) not to disclose to anyone any documents, materials or information marked "Confidential;" and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me.

4.      As a further condition to being permitted access to material determined to be "Confidential" in the above-captioned matter, I agree on behalf of myself and, to the extent applicable, my employer and/or employees, to submit to personal jurisdiction before the above-entitled Court for purposes of any dispute arising from the Order, including its enforcement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, at _____.
                                    [Date]                              [City/State]


Signature: _____

Printed Name: _____

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2434285.1